1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   KEVIN D. BREWER a/k/a MICHAEL       No. C-12-1349 TEH (PR)
     GREEN,
12                                        ORDER OF SERVICE
                     Plaintiff,
13
              v.
14
     YOSSI GROSSBAUM, et al.,
15
                     Defendants.
16
17   _____/

18

19         Plaintiff has filed a <u>pro se</u> civil rights action under 42

20   U.S.C. § 1983, alleging that prison officials at Mule Creek State

21   Prison has refused to provide him with a diet that accommodates his

22   religious beliefs in violation of his constitutional rights.

23   Doc. #1 at 3.  This action is now before the Court for initial

24   screening pursuant to 28 U.S.C. § 1915A.

25                                      I

26         Plaintiff identifies as a Messianic Jew.  Doc. #1 at 3.

27   On August 31, 2011, Plaintiff submitted a religious diet request

28

1 wherein he identified himself as an "Ethiopia Jew"[1] and stated that

2 he had been practicing this religion since May 6, 1959.  Id. at 9.

3 He requested a kosher diet to accommodate his religious dietary

4 laws.  Id.  The prison chaplain denied his request stating that

5 "Kosher meals are provided for Jewish inmates only.  Messianic

6 Judaism is not Jewish."  Id.

7                                II

8          Federal courts must engage in a preliminary screening of

9 cases in which prisoners seek redress from a governmental entity or

10 officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

11 In its review the Court must identify any cognizable claims, and

12 dismiss any claims that are frivolous, malicious, fail to state a

13 claim upon which relief may be granted, or seek monetary relief from

14 a defendant who is immune from such relief.  Id. at 1915A(b)(1),

15 (2).

16          To state a claim under 42 U.S.C. § 1983, a plaintiff must

17 allege two essential elements:  (1) that a right secured by the

18 Constitution or laws of the United States was violated, and (2) that

19 the alleged violation was committed by a person acting under the

20 color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

21 Pleadings filed by pro se litigants, however, must be liberally

22 construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010);

23 Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

24 1990).

25

26 _____

27 [1]Plaintiff appears to use the term "Ethiopia Jew" and Messianic
Jew interchangeably.  Doc. #1 at 9.

28                                 2

1    Inmates "have the right to be provided with food

2  sufficient to sustain them in good health that satisfies the dietary

3  laws of their religion."  McElyea v. Babbitt, 833 F.2d 196, 198 (9th

4  Cir. 1987).  Allegations that prison officials refuse to provide a

5  healthy diet conforming to sincere religious beliefs states a

6  cognizable claim under § 1983 of denial of the right to exercise

7  religious practices and beliefs.  See Ward v. Walsh, 1 F.3d 873, 877

8  (9th Cir. 1993) (Jewish inmate claiming denial of kosher diet),

9  cert. denied, 510 U.S. 1192 (1994); McElyea, 833 F.2d at 198 (same).

10    Liberally construed, Plaintiff's allegation that the

11  denial of a kosher diet infringed upon his right to exercise his

12  religious practices and beliefs appears to state a cognizable 42

13  U.S.C. § 1983 claim.

14                                III

15    For the foregoing reasons and for good cause shown:

16    1.   The complaint, liberally construed, states a claim

17  for relief under the First Amendment and Section 1983 against

18  defendants.  The Clerk shall issue summons and the United States

19  Marshal shall serve, without prepayment of fees, copies of the

20  complaint in this matter and all attachments thereto and copies of

21  this order on Mule Creek State Prison chaplain Yossi Grossbaum,

22  Supervisor Kim Peterson, Appeals Coordinator M. Elorza, and Appeals

23  Coordinator S. West.  The Clerk also shall serve a copy of this

24  order on Plaintiff.

25    2.   To expedite the resolution of this case, the Court

26  orders as follows:

27

28                                3

1    **a.   No later than ninety (90) days from the date of**

2    **this order, Defendants shall file a motion for summary judgment or**

3    **other dispositive motion.  A motion for summary judgment shall be**

4    **supported by adequate factual documentation and shall conform in all**

5    **respects to Federal Rule of Civil Procedure 56, and shall include as**

6    **exhibits all records and incident reports stemming from the events**

7    **at issue.  If Defendants are of the opinion that this case cannot be**

8    **resolved by summary judgment or other dispositive motion, they shall**

9    **so inform the Court prior to the date his motion is due.  All papers**

10   **filed with the Court shall be served promptly on Plaintiff.**

11   **b.   Plaintiff's opposition to the dispositive motion**

12   **shall be filed with the court and served upon Defendants no later**

13   **than twenty-eight (28) days after Defendants serve Plaintiff with**

14   **the motion.**

15   **c.   Plaintiff is advised that a motion for summary**

16   **judgment under Rule 56 of the Federal Rules of Civil Procedure will,**

17   **if granted, end your case.  Rule 56 tells you what you must do in**

18   **order to oppose a motion for summary judgment.  Generally, summary**

19   **judgment must be granted when there is no genuine issue of material**

20   **fact - that is, if there is no real dispute about any fact that**

21   **would affect the result of your case, the party who asked for**

22   **summary judgment is entitled to judgment as a matter of law, which**

23   **will end your case.  When a party you are suing makes a motion for**

24   **summary judgment that is properly supported by declarations (or**

25   **other sworn testimony), you cannot simply rely on what your**

26   **Complaint says.  Instead, you must set out specific facts in**

27

28                                   **4**

1   declarations, depositions, answers to interrogatories, or

2   authenticated documents, as provided in Rule 56(e), that contradict

3   the facts shown in Defendants' declarations and documents and show

4   that there is a genuine issue of material fact for trial.  If you do

5   not submit your own evidence in opposition, summary judgment, if

6   appropriate, may be entered against you.  If summary judgment is

7   granted, your case will be dismissed and there will be no trial.

8   Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc)

9   (App. A).

10          Plaintiff also is advised that a motion to dismiss for

11  failure to exhaust administrative remedies under 42 U.S.C.

12  § 1997e(a) will, if granted, end your case, albeit without

13  prejudice.  You must "develop a record" and present it in your

14  opposition in order to dispute any "factual record" presented by the

15  Defendant in his  motion to dismiss.  Wyatt v. Terhune, 315 F.3d

16  1108, 1120 n.14 (9th Cir. 2003).

17              d.   Defendants shall file a reply brief within

18  fourteen (14) days of the date on which Plaintiff serves them with

19  the opposition.

20              e.   The motion shall be deemed submitted as of the

21  date the reply brief is due.  No hearing will be held on the motion

22  unless the court so orders at a later date.

23       3.   Discovery may be taken in accordance with the Federal

24  Rules of Civil Procedure.  No further court order is required before

25  the parties may conduct discovery.

26       4.   All communications by Plaintiff with the Court must

27

28                                  5

1   be served on Defendants, or Defendants' counsel once counsel has

2   been designated, by mailing a true copy of the document to

3   Defendants or Defendants' counsel.

4          5.   It is Plaintiff's responsibility to prosecute this

5   case.  Plaintiff must keep the Court and all parties informed of any

6   change of address and must comply with the Court's orders in a

7   timely fashion.  Failure to do so may result in the dismissal of

8   this action pursuant to Federal Rule of Civil Procedure 41(b).

9          IT IS SO ORDERED.

10

DATED   _06/04/2012_          _____

11                            **THELTON E. HENDERSON**
                              **United States District Judge**

12

13

G:\PRO-SE\TEH\CR.12\Brewer-12-1349-osc.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    6