IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN D. BREWER,

    Plaintiff,                     No. 2:12-cv-1555 WBS DAD P

    vs.

YOSSI GROSSBAUM et al.,         <u>ORDER AND</u>

    Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on defendants' motion to dismiss this action, pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure, due to plaintiff's alleged failure to exhaust administrative remedies prior to filing suit as required. Plaintiff has filed an opposition to the motion, and defendants have filed a reply. Plaintiff has also filed an unauthorized response to defendants' reply, which defendants have moved to strike.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendants Elorza, Grossbaum, Peterson, and West. Therein, plaintiff alleges that defendant Chaplain Grossbaum denied him a kosher diet, and that defendants Peterson, Elorza, and West covered up Chaplain Grossbaum's denial of a kosher diet in violation of plaintiff's right to freely exercise his religion

under the First Amendment and his equal protection rights under the Fourteenth Amendment. (Compl. at 3-4.)

**THE EXHAUSTION REQUIREMENT**

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, §

1  3084.1(a).  Most such inmate appeals progress through three levels of review.  See id. § 3084.7.
2  The third level of review constitutes the decision of the Secretary of the California Department of
3  Corrections and Rehabilitation and exhausts a prisoner's administrative remedies.  See id. §
4  3084.7(d)(3).  A California prisoner is required to submit an inmate appeal at the appropriate
5  level and proceed to the highest level of review available to him.  Butler v. Adams, 397 F.3d
6  1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

7        The PLRA exhaustion requirement is not jurisdictional but rather creates an
8  affirmative defense.  See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or
9  demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th
10  Cir. 2003).  The defendants bear the burden of raising and proving the absence of exhaustion.
11  Wyatt, 315 F.3d at 1119.  That burden, however, is "very low."  Albino v. Baca, 697 F.3d 1023,
12  1031 (9th Cir. 2012).  The defendants need only show the existence of an inmate grievance
13  procedure that plaintiff did not use.  Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5
14  (9th Cir. 1996) and Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005)).

15        A prisoner may be excused from complying with the PLRA's exhaustion
16  requirement if he establishes that the existing administrative remedies were effectively made
17  unavailable to him.  Albino, 697 F.3d at 1031.  For example, where prison officials improperly
18  screen out inmate grievances, they render administrative remedies effectively unavailable to the
19  prisoner.  See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).  In such a case, "the inmate
20  cannot pursue the necessary sequence of appeals . . . ."  Id.  See also Nunez v. Duncan, 591 F.3d
21  1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was precluded
22  from exhausting administrative remedies by a warden's mistaken instruction to him that a
23  particular unavailable document was needed for him to pursue his inmate appeal).

24        If the district court concludes that the prisoner has not exhausted administrative
25  remedies and is not excused from doing so, "the proper remedy is dismissal of the claim without
26  prejudice."  Wyatt, 315 F.3d at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir.

2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

## DISCUSSION

According to defendants, plaintiff submitted two inmate appeals between the time defendant Grossbaum allegedly denied him a kosher diet in 2011 and the time plaintiff filed this civil action on March 16, 2012. On September 22, 2011, the appeals office received plaintiff's first inmate appeal and rejected it because plaintiff had neither signed nor dated the appeal. The office informed plaintiff that he had thirty days to make the necessary corrections and re-submit it but, according to defendants, plaintiff failed to pursue that inmate appeal any further. On November 23, 2011, the appeals office received plaintiff's second inmate appeal. The appeals office also rejected that appeal on the grounds that plaintiff did not submit it on the proper form. The appeals office informed plaintiff that he needed to submit his inmate appeal on the CDCR 602 form. Plaintiff then re-submitted that inmate appeal, but the appeals office rejected it once again on January 26, 2012 stating "[u]pon further review of your appeal issue, a determination was made . . . that you did not meet the time constraints for filing your appeal issue." (Defs.' Mot. to Dismiss (Doc. No. 29), Elorza Decl. & Ex. 1 (Doc. No. 29-4).)[1] Finally, plaintiff re-submitted his inmate appeal once more, but the appeals office screened out the appeal again on February 8, 2012, this time because it was a repeated filing of a previously cancelled appeal. (Defs.' Mot. to Dismiss 2-3, Lozano Decl., Elorza Decl. & Ex. 1.)

If the facts were as they are represented to be by defendants in their motion to dismiss, it would appears that prison officials acted properly in screening out plaintiff's inmate appeals because he failed to comply with the rules governing the appeals process. See Woodford, 548 U.S. at 83-84 (a prisoner does not satisfy the PLRA exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal").

---

[1] In this regard, defendant Grossbaum had allegedly denied plaintiff a kosher diet on August 31, 2011. Plaintiff had not submitted his inmate appeal until December 13, 2011.

Specifically, prison officials may screen out appeals if they lack a signature and date, are submitted on improper forms, or are submitted in an untimely or duplicative fashion. See Cal. Code Regs. tit. 15, § 3084.6(b)(13) (appeal may be rejected if the inmate has not provided a signature and/or date on the appeal); id. § 3084.6(b)(7) (appeal may be rejected if it is missing necessary documents); id. § 3084.6(b)(10) & (14) (appeal may be rejected if it is not submitted on departmentally-approved appeal forms); id. § 3084.6(c)(4) (appeal may be cancelled if time limits for submitting the appeal are exceeded); id. § 3084.6(c)(2) (appeal may be cancelled if it duplicates an inmate's previous appeal upon which a decision has been rendered).

However, the Ninth Circuit has held that a prisoner may be excused from complying with the exhaustion requirement when prison officials make administrative remedies effectively unavailable. See Albino, 697 F.3d at 1034. The exception to exhaustion requirement applies where there is evidence that officials engaged in misconduct, told a prisoner that there are no available administrative remedies, or pointed him in a direction that would cause him not to exhaust his administrative remedies  See id. The Ninth Circuit has also cited with approval the Seventh Circuit's holding that exhaustion is excused when prison officials fail to respond to a properly-filed grievance. See id. n.7 (noting that the court's sister circuits also excuse exhaustion when prison officials make administrative remedies effectively unavailable by refusing to provide required grievance forms, failing to respond to properly-filed grievances, or threatening retaliation for filing grievances) (citing Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006)).

Here, in opposing the pending motion to dismiss, plaintiff has presented evidence that on October 18, 2011, he re-submitted his first appeal that the appeals office had screened out because it was neither signed nor dated, but prison officials never responded to that resubmitted inmate appeal. (Doc. No. 31, Ex. 2.) Specifically, plaintiff has submitted to the court a file-stamped copy of that resubmitted inmate appeal reflecting that the inmate appeals office received it on October 21, 2011. (Id.) Moreover, when plaintiff did not receive a response to his re-submitted appeal, he filed an inmate request for an interview so that he could directly inquire

about the status of his inmate appeal.  At that time prison officials informed him that the "Inmate Appeal Tracking System" had no record of his inmate appeal dated October 18, 2011.[2]  Plaintiff then submitted his second inmate appeal on November 23, 2011, but as discussed above, prison officials ultimately screened it out as being untimely and/or duplicative.  Plaintiff also attempted to submit his inmate appeal directly to the third level of review on two separate occasions, but the third level of review rejected those inmate appeals for bypassing the lower levels of review.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1-3, Exs. 2-3, 12 & 14.)

      Based on the documents submitted in connection with the pending motion, the court finds that plaintiff should be excused from complying with the PLRA exhaustion requirement in this case.  Plaintiff properly re-submitted his first inmate appeal in accordance with the instructions of prison officials, but the inmate appeals office failed to respond to it.  It appears clear that prison officials received the resubmitted inmate appeal because plaintiff has produced a copy of it and it is stamped by officials as having in fact been received on October 21, 2011.  After following up on his re-submitted appeal and learning that prison officials did not intend to respond to it because they had no record of it, plaintiff attempted to pursue his claims through the administrative grievance process a second time, only to be told that the appeals office was now screening out his inmate appeal as untimely.  Nonetheless, plaintiff twice attempted to submit his appeal directly to the third level of appeal in a good faith effort to exhaust administrative remedies.

      Under these circumstances, the court finds that plaintiff took all "reasonable and appropriate steps" and engaged "a good faith effort" to exhaust his administrative remedies, but those administrative remedies were effectively made unavailable to him.  See Albino, 697 F.3d at 1035; Nunez, 591 F.3d 1224; Dole, 438 F.3d at 811 ("Because [the prisoner] properly followed

---

[2] This representation appears to be completely at odds with the copy of the re-submitted inmate appeal in question bearing the inmate appeals office stamp reflecting its receipts on October 21, 2011.

procedure and prison officials were responsible for the mishandling of his grievance, it cannot be said that [the prisoner] failed to exhaust his remedies."); Chatman v. Felker, No. CIV S-03-2415 JAM EFB (TEMP) P, 2011 WL 445685 at *9 (E.D. Cal. Feb. 3, 2011) (finding prisoner's claims against defendants to be exhausted after he presented evidence that he prepared a grievance and when he did not receive a response he attempted to pursue his claims through a number of other channels).

Defendants do not explain why prison officials failed to respond to plaintiff's re-submitted inmate appeal, nor have they explained why plaintiff was not granted additional time to submit his second inmate appeal in light of their failure to respond to his properly re-submitted appeal. In their reply, defendants fail to even address the evidence submitted in opposition to their motion by plaintiff. It is well established that defendants have the burden to raise and prove the affirmative defense of failure to exhaust administrative remedies. See Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-19. Here, defendants have not carried their burden in that regard. Accordingly, defendants' motion to dismiss should be denied.

## OTHER MATTERS

Plaintiff has filed an unauthorized response to defendants' reply, which defendants have moved to strike. Plaintiff also subsequently filed a motion for leave of the court to file his surreply. The court has not considered or relied upon plaintiff's surreply in issuing these findings and recommendations. Accordingly, the court will deny defendants' motion to strike and plaintiff's motion for leave to file a surreply as unnecessary.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (Doc. No. 38) is denied as unnecessary; and

2. Plaintiff's motion for leave to file a surreply (Doc. No. 39) is denied as unnecessary.

/////

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 29) be denied; and

2. Defendants be directed to file an answer within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brew1555.57