IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN D. BREWER,

        Plaintiff,                  No. 2:12-cv-1555 WBS DAD P

        vs.

YOSSI GROSSBAUM, et al.,

        Defendants.             ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On April 16, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Both Plaintiff and Defendants have filed objections to the findings and recommendations.

        In their objections, defendants argue that plaintiff's October 21, 2011 grievance was properly rejected as improperly filed because it was not submitted on the originally rejected grievance form. First, it does not appear from a review of the record that this argument was raised before the Magistrate Judge. Second, it does not appear that this was the reason the grievance was rejected. Rather, it appears that the grievance was simply ignored and never responded to in any way. It is correct that an appeal may be cancelled for "failure to correct and

1

1  return a rejected appeal within 30 calendar days of the rejection." See Cal. Code Regs. tit. 15, s

2  3084.6(c).   However, it does not appear that this is what was done here.

3          A prison's failure to follow its own procedures defeats the defense of

4  non-exhaustion.  Sapp v. Kimbrell, 623 F.3d 812, 823 (9th Cir. 2010).  Prison officials are

5  required to respond and return appeals to an inmate within thirty days.  See Cal. Code Regs. tit.

6  15, s 3084.8(c).  Defendants failed to do so with respect to plaintiff's October 21st grievance.

7  Moreover, the exhaustion requirement is waived where prison officials render administrative

8  remedies unavailable.   By failing to timely respond to and return plaintiff's October 21st

9  grievance, defendants effectively rendered administrative remedies unavailable.   Plaintiff waited

10  for a response, received none and by the time he re-submitted his appeal, it was screened out as

11  untimely.   Affirmative actions by prison officials that prevent proper exhaustion, "even if done

12  innocently", are grounds for excusing compliance with the exhaustion requirement.  Albino v.

13  Baca, 697 F.3d 1023, 1034 (9th Cir. 2010).

14          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

15  304, this court has conducted a de novo  review of this case.  Having carefully reviewed the

16  entire file, the court finds the findings and recommendations to be supported by the record and by

17  proper analysis.

18  Accordingly, IT IS HEREBY ORDERED that:

19          1. The findings and recommendations filed April 16, 2013, are adopted in full;

20          2. Defendants' motion to dismiss (Doc. No. 29) is denied; and

21          3. Defendants shall file an answer to the complaint within thirty days of service of

22  this order.

23  DATED:  May 23, 2013

24

25  WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

26