1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    KEVIN D. BREWER,

11              Plaintiff,                        No. 2:12-cv-1555 WBS DAD P

12         vs.

13    YOSSI GROSSBAUM, et al.,

14              Defendants.                       ORDER

15    _____/

16              Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed two

17    motions for appointment of counsel.

18              The United States Supreme Court has ruled that district courts lack authority to

19    require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist.

20    Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may

21    request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v.

22    Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

23    (9th Cir. 1990).

24              The test for exceptional circumstances requires the court to evaluate the plaintiff's

25    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

26    light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for appointment of counsel (Doc. Nos. 49 & 52) are denied.

DATED: June 13, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9:kly
brew1555.31

2