UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BREWER, | No. 2:12-cv-1555 WBS DAD P |
| Plaintiff, | |
| v. | ORDER AND |
| YOSSI GROSSBAUM et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Several motions are pending before the court.

**BACKGROUND**

In his original complaint, plaintiff named as defendants Chaplain Grossbaum, Supervisor Peterson, and Appeals Coordinators Elorza and West. Therein, plaintiff alleged that defendant Chaplain Grossbaum denied him a kosher diet, and that defendants Peterson, Elorza, and West covered up Chaplain Grossbaum's denial of a kosher diet in violation of plaintiff's right to freely exercise his religion. (Compl. at 3-4.) The court screened plaintiff's complaint and found that, liberally construed, it appeared to state cognizable claims for relief under the First Amendment Free Exercise Clause. (Doc. No. 17)

On September 28, 2012, defendants filed a motion to dismiss plaintiff's complaint due to plaintiff's alleged failure to exhaust administrative remedies prior to filing suit as required. (Doc.

1   No. 29) On March 15, 2013, plaintiff filed a motion for summary judgment arguing that he was
2   entitled to judgment in his favor as a matter of law.  (Doc. No. 41)  On April 16, 2013, the
3   undersigned issued findings and recommendations, recommending that defendants' motion to
4   dismiss be denied and defendants be directed to file an answer.  (Doc. No. 44)  The court did not
5   address plaintiff's motion for summary judgment at that time.  On May 23, 2013, the assigned
6   district judge adopted the undersigned's findings and recommendations in full and ordered
7   defendants to file an answer within thirty days.  (Doc. No. 47)  Rather than file an answer as
8   ordered, on June 19, 2013, defendants filed a second motion to dismiss on the grounds that
9   plaintiff's complaint fails to state a cognizable claim for relief.  (Doc. No. 54)  In response
10  thereto, plaintiff filed a "motion to dismiss" defendants' unauthorized motion to dismiss as well
11  as requests for entry of default and the imposition of sanctions.  (Doc. Nos. 57, 59 & 62)  Plaintiff
12  also filed a first amended complaint and has since filed two motions to join an "indispensable
13  party", Appeals Coordinator D. Thomason, which defendants have opposed.  (Doc. Nos. 61, 63-
14  65 & 67)

## DISCUSSION

16  As an initial matter, this court ordered defendants to file an answer within thirty days of
17  denying their motion to dismiss.  (Doc. No. 47)  Without explanation, defense counsel ignored the
18  court's order and instead filed a second motion to dismiss on behalf of the defendants.  Defense
19  counsel is not at liberty to ignore specific court orders as he deems fit.  Defendants' failure to
20  timely answer plaintiff's complaint or to seek leave from the court's order could have been
21  grounds for both entry of default and the imposition of sanctions.  See Fed. R. Civ. P.
22  12(b)(4)(A), 11(b) & (c)(3); Local Rule 110.  In light of plaintiff's filing of an amended
23  complaint, however, the court will deny as moot plaintiff's requests for entry of default and
24  sanctions as well as plaintiff's motion for summary judgment[1] and defendants' second motion to

---

[1] Plaintiff is advised that the motion for summary judgment he submitted to the court is procedurally defective.  If plaintiff chooses to file a second motion for summary judgment during these proceedings, he must comply with Local Rule 260 before the court will consider it.  Under Local Rule 260, plaintiff must include a "Statement of Undisputed Facts" with any motion for summary judgment.  The Statement of Undisputed Facts must enumerate the material facts plaintiff relies on in support of his motion and cite to evidence or portions of the record that

2

1  dismiss since plaintiff's amended complaint supersedes the original complaint.  See Fed. R. Civ.
2  P. 15; see also Jones v. Toft, No. CIV S-11-0192 MCE EFB P, 2012 WL 156284 at *3 (E.D. Cal.
3  Jan. 18, 2012) (denying as moot defendant's motion to dismiss and motion for summary
4  judgment because the original complaint was superceded by the first amended complaint);
5  Anderson v. Tilton, No. C 08-3204 MMC (PR), 2010 WL 1345020 at *3 (N.D. Cal. Mar. 31,
6  2010) (same).  Defense counsel is strongly cautioned that failure to comply with future court
7  orders may result in imposition of any and all sanctions within the inherent power of the court,
8  including entry of default, finding of contempt, and imposition of monetary sanctions.
9       Turning now to plaintiff's first amended complaint, both parties appear to assume that
10 plaintiff is allowed to amend his complaint as a matter of course presumably because he did so
11 within 21 days after service of defendants' second motion to dismiss.  See Fed. R. Civ. P.
12 15(a)(1)(B).  For the reasons discussed above, defense counsel's filing of a second motion to
13 dismiss was in contravention of a court order, and therefore, that motion was not properly filed.
14 Nonetheless, "the court should freely give leave [to amend] when justice so requires."  See Fed.
15 R. Civ. P. 15(a)(2); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.
16 1990) (leave to amend policy should be applied with "extraordinary liberality").  Under the
17 circumstances of this case, the court will allow plaintiff to amend his complaint and deem his first
18 amended complaint to be the operative pleading in this action.
19      As both parties are aware, the court is required to screen complaints brought by prisoners
20 seeking relief against a governmental entity or an officer or employee of a governmental entity.
21 See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner
22 has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which
23 relief may be granted, or that seek monetary relief from a defendant who is immune from such
24 relief.  See 28 U.S.C. § 1915A(b)(1) & (2).
25      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
26 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

27 ───────────────
28 plaintiff relies on to establish the facts.  Plaintiff is responsible for filing all evidentiary documents he relies on in a motion for summary judgment.  See Local Rules of Court 260.

3

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5  Cir. 1989); Franklin, 745 F.2d at 1227.

6       In his amended complaint, plaintiff names as the defendants Chaplain Grossbaum,

7  Supervisor Peterson, and Appeals Coordinators Elorza and West. (Am. Compl. at 3.) Similar to

8  his original complaint, plaintiff alleges that Chaplain Grossbaum denied him a kosher diet and

9  that defendant Peterson failed to correct the violation when plaintiff made him aware of it. (Id.)

10 Plaintiff further alleges that defendants Elorza and West rendered his administrative remedies

11 unavailable to him when he sought to remedy the violation through the administrative inmate

12 grievance process. (Id.) In plaintiff's subsequently-filed motions to join an indispensable party,

13 Appeals Coordinator D. Thomason, plaintiff alleges that Thomason also rendered plaintiff's

14 administrative remedies unavailable to him. (Pl.'s Mots. to Join.)

15      Liberally construed, the court finds that plaintiff's amended complaint states a cognizable

16 claim for relief under the First Amendment Free Exercise Clause against defendants Grossbaum

17 and Peterson. See 42 U.S.C. § 1983 & 28 U.S.C. § 1915A(b). Specifically, plaintiff alleges that

18 defendants substantially burdened his religion when defendant Grossbaum denied him a kosher

19 diet, and defendant Peterson failed to correct the violation even though plaintiff made him aware

20 of it. (Am. Compl. at 3 & Ex. C.) The court finds that plaintiff's amended complaint adequately

21 alleges a sufficient casual connection between defendants' actions and his claimed constitutional

22 violations. See Turner v. Safley, 482 U.S. 78 (1987); Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir.

23 2011) (a supervisory defendant may be held liable "'if there exists either (1) his or her personal

24 involvement in the constitutional deprivation, or (2) a sufficient causal connection between the

25 supervisor's wrongful conduct and the constitutional violation.'"). If plaintiff proves the

26 allegations in his amended complaint, he has a reasonable opportunity to prevail on the merits of

27 this action.

28 /////

However, the court also finds that plaintiff's amended complaint does not state a cognizable claim against defendants Elorza and West nor could plaintiff state a claim against D. Thomason for their rendering administrative remedies unavailable to him. In screening plaintiff's original complaint, the court found service was appropriate with respect to defendants Elorza and West. However, plaintiff has since clarified in his amended complaint that his sole basis for proceeding against these defendants (and D. Thomason) is because they screened out his inmate appeals. (Am. Compl. at 3 & Ex. C & Pl.'s Mots. to Join.) By screening out his inmate appeals, plaintiff alleges that they deprived him of access to the courts. (Id.)

To be sure, prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343 (1996). In addition, in ruling on defendants' motion to dismiss for failure to exhaust administrative remedies, this court found that administrative remedies were effectively unavailable to him with respect to his claims in this action and excused plaintiff from having to comply with the exhaustion requirement. By excusing plaintiff from having to comply with the exhaustion requirement, he is allowed to proceed in this action and therefore has not incurred any actual injury based on defendants Elorza and West's or D. Thomason's screening out of his administrative grievances. It is well established that prisoners claiming interference or denial of their constitutional right of access to the courts must allege an actual injury. See Lewis, 518 U.S. at 351-52. Plaintiff has not and cannot allege such an actual injury under the circumstances presented in this case. Accordingly, the court will recommend that this case proceed on plaintiff's first amended complaint against defendants Grossbaum and Peterson, that defendants Elorza and West be dismissed, and plaintiff's motions to join D. Thomason as an indispensable party be denied.[2]

/////

---

[2] Where, as here, it is clear that the amended complaint suffers from pleading deficiencies that cannot be cured by amendment, dismissal without leave to amend is appropriate. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

**OTHER MATTERS**

Plaintiff has filed a motion for a court order requiring Rabbi Hadjadj to allow him to participate in the Jewish Religious Diet program at California Institution for Men.  Plaintiff is advised that this court is unable to issue an order against any individual or entity who is not a party to a suit pending before it and therefore will deny plaintiff's request for a court order.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  If plaintiff is still not receiving the meals he desires, plaintiff should file an administrative grievance at his institution of confinement contesting Rabbi Hadjadj's decision.  See Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare.").

**CONCLUSION**

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. No. 41) is denied as moot.  If plaintiff chooses to file a second motion for summary judgment during these proceedings, he must comply with Local Rule 260 before the court will consider it;

2. Defendants' motion to dismiss (Doc. No. 54) is denied as moot;

3. Plaintiff's motion to dismiss and motion for entry of default and sanctions (Doc. Nos. 59 & 62) are denied as moot; and

4. Plaintiff's motion for a court order (Doc. No. 56) is denied.

IT IS HEREBY RECOMMENDED that:

1. This case proceed on plaintiff's first amended complaint, specifically, plaintiff's First Amendment Free Exercise Clause claims against defendants Grossbaum and Peterson;

2. Defendants Elorza and West be dismissed;

3. Plaintiff's motions to join D. Thomason (Doc. Nos. 63 & 65) be denied; and

    4. Defendants be directed to file <u>an answer</u> to plaintiff's amended complaint within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 9, 2014

                                           */s/ Dale A. Drozd*
                                           DALE A. DROZD
                                           UNITED STATES MAGISTRATE JUDGE

DAD:9
brew1555.mots

7