UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BREWER,<br><br>          Plaintiff,<br><br>     v.<br><br>YOSSI GROSSBAUM et al.,<br><br>          Defendants. | No. 2:12-cv-1555 WBS DAD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to revoke plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g). Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

**BACKGROUND**

Plaintiff is proceeding on an amended complaint against defendants Grossbaum and Peterson. Therein, plaintiff alleges that defendants substantially burdened his exercise of his religion when defendant Grossbaum denied plaintiff a kosher diet, and defendant Peterson failed to correct the violation even though plaintiff made him aware of it. (Am. Compl. at 3 & Ex. C.) At screening, the court found that plaintiff's amended complaint stated a cognizable claim for relief under the First Amendment Free Exercise Clause against defendants Grossbaum and Peterson. (Doc. No. 69)

1

# ANALYSIS

In defendants' motion to revoke plaintiff's IFP status, defense counsel argues that courts have previously dismissed three or more of plaintiff's civil actions or appeals as frivolous, malicious, or for failure to state a claim. (Defs.' Mem. of P. & A. at 2-5.) For the reasons set forth below, the undersigned agrees and will recommend that defendants' motion be granted.

I. Legal Standards Applicable Under 28 U.S.C. § 1915(g)

"The burden of establishing that three strikes have accrued is on the party challenging the prisoner's right to proceed in forma pauperis." Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013). See also Silva v. Vittorio, 658 F.3d 1090, 1097, n. 3 (9th Cir. 2010); O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008); Andrews v. King, 398 F.3d 1113, 1116 (9th Cir. 2005). The Ninth Circuit has cautioned that when called upon to determine whether a prior dismissal qualifies as a strike, a subsequent court must be mindful of the following:

> Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim . . . .
>
> [U]under the plain language of § 1915(g), [ ] prior dismissals [ ] qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, the district court determine[s] that they ha[ve] been dismissed because they were frivolous, malicious or failed to state a claim. See § 1915(g).

Andrews, 398 F.3d at 1121. See also Knapp, 738 F.3d at 1109.

In addition, in interpreting § 1915(g) the Ninth Circuit has observed:

> [T]he legislative history of the PLRA also supports our reading of the statute. While it is clear that Congress enacted § 1915(g) to curb frivolous prisoner complaints and appeals, see Taylor v. Delatoore, 281 F.3d 844, 849 (9th Cir. 2002) ("The PLRA filing fee provisions were enacted to deter the large number of frivolous inmate lawsuits that were 'clogging' the federal courts and 'draining' limited judicial resources"), the PLRA's reforms were "designed to filter out the bad claims and facilitate consideration of the good." Jones, 549 U.S. at 204, 127 S. Ct. 910. "Congress intended section 1915(g) only to penalize litigation that is truly frivolous, not to freeze out meritorious claims or ossify district court errors." Adepegba, 103 F.3d at 388; see also Jennings, 175 F.3d at 780. Thus, our reading of the statute "not only respects

Congress' intent to curb meritless lawsuits, but ensures that meritorious lawsuits are not swept away in the process." See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (quoting 141 Cong. Rec. S146110–01, S14267 (daily ed. Sept. 29, 1995)) ("As chief sponsor of the PLRA, Senate Judiciary Committee Chairman Orrin Hatch made the following statement: 'I do not want to prevent inmates from raising legitimate claims. This legislation will not prevent those claims from being raised.' ").

Silva, 658 F.3d at 1099-1100.

The undersigned notes that a myriad of issues surrounding the determination of which dismissals count as a strike under §1915(g) has, of late, consumed considerable judicial resources in both the trial and appellate courts. In part influenced by this fact, the undersigned is persuaded by a recent decision of the Third Circuit Court of Appeals in which that appellate court concluded:

> [W]e are ultimately persuaded that the PLRA's purpose is best served by taking an approach that does not open the door to more litigation surrounding § 1915(g). Thus, we adopt the following rule: <u>a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim"</u> or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.
>
> Applying this rule, we must now decide whether the dismissal of Byrd's appeal in Byrd v. Gillis under § 1915(e)(2)(B) because it was "without merit" constitutes a strike. The dismissal is not encompassed by the first category of our adopted rule. The terms "frivolous," "malicious," or "fails to state a claim" were not used to dismiss the appeal in its entirety. Although we have often associated the term "without merit" with the term "frivolous," we cannot say that these terms have the exact same meaning. Regardless, the first category of our new rule requires that the terms "frivolous," "malicious," or "fails to state a claim" be explicitly stated for the dismissal to constitute a strike.

Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013) (emphasis added). See also Ball v. Famiglio, 726 F.3d 448, 463 (3d Cir. 2013) (same); Keeton v. Cox, No. CIV S-06-1094 GEB KJM, 2009 WL 650413 at *6 (E.D. Cal. Mar. 12, 2009) ("Neither of these underlying orders suggested that the action was finally terminated because it was frivolous, malicious or failed to state a claim; rather, the orders found the pleading deficits might be ameliorated.").

3

II. Discussion

With the above principles in mind, the court now turns to the three lawsuits previously filed by plaintiff which defense counsel characterizes as "strikes" in the pending motion to revoke plaintiff's IFP status.[1]

- **Brewer v. Board of Prison Terms, No. 3:05-cv-176 SI (pr) (N.D. Cal.)**

In this case, plaintiff filed a civil rights action under 42 U.S.C. § 1983, alleging that he did not receive procedural protections in connection with parole revocation proceedings. (Defs.' Mot. to Revoke Pl.'s IFP Status, Ex. 1.) The United States District Court for the Northern District of California dismissed this action specifically on the grounds that "the complaint fails to state a claim upon which relief may be granted." (Id.) Specifically, the Northern District determined that the complaint suffered from three deficiencies: (1) it was barred by the decision in Heck v. Humphrey, 512 U.S. 477 (1994); (2) plaintiff was seeking relief against defendants who were immune from suit, and (3) the complaint did not disclose the basis of liability for each of the defendants. (Id.) Neither party appears to dispute, and this court finds, that this case constitutes a strike for purposes of § 1915(g).

- **Brewer v. Alta Bates Summit Medical Center, No. C 08-3149 SI (pr) (N.D. Cal.) ("Alta Bates I")**
- **Brewer v. Alta Bates Summit Medical Center, No. C 11-2703 TEH (PR) (N.D. Cal.) ("Alta Bates II")**

In these two cases, plaintiff filed civil rights actions under 42 U.S.C. § 1983, alleging that he did not receive adequate medical care in connection with a medical procedure on his thumb. (Defs.' Mot. to Revoke Pl.'s IFP Status, Exs. 2 & 3.) The United States District Court for the Northern District of California dismissed each case for failure to state a claim upon which relief may be granted. (Id.) Plaintiff appears to argue that these cases do not constitute strikes because in the "CONCLUSION" section of Northern District's decisions the court stated only "For the

---

[1] Defendants have filed a request for judicial notice of their exhibits, which consist of copies of docket sheets and court orders from plaintiff's previously-filed cases. Pursuant to Federal Rule of Evidence 201, the court will grant defendant's request.

1  foregoing reasons, this action is DISMISSED without leave to further amend.  The dismissal of
2  this action is without prejudice to plaintiff filing a new action in state court." (Id.)  Although the
3  district judges in these two cases did not include the specific reasoning in the "CONCLUSION"
4  section of their decisions dismissing the complaint with prejudice, they both referred therein to
5  "foregoing reasons."  In both cases, the court unambiguously stated that it was dismissing
6  plaintiff's complaint for failure to state a claim.  (Id.)  In Alta Bates I, the court explicitly stated
7  "The amended complaint will be dismissed for failure to state a claim upon which relief may be
8  granted."  (Id.)  Similarly, in Alta Bates II, the court explicitly stated in the order of dismissal
9  "Accordingly, the Complaint will be dismissed without leave to amend for failure to state a claim
10 upon which relief may be granted."  (Id.)  See Andrews, 398 F.3d at 1121 ("§ 1915(g) should be
11 used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an
12 action, and other relevant information, the district court determines that the action was dismissed
13 because it was frivolous, malicious or failed to state a claim.").  Accordingly, this court finds that
14 the dismissal in these cases constitute strikes for purposes of § 1915(g).

15 In sum, defendants have demonstrated that plaintiff accrued three strikes under 28 U.S.C.
16 § 1915 prior to filing this action.  Accordingly, the undersigned will recommend that defendants'
17 motion to revoke plaintiff's IFP status be granted.[2]

### OTHER MATTERS

19 Plaintiff's has filed a motion for appointment of counsel.  Plaintiff is advised that the
20 United States Supreme Court has ruled that district courts lack authority to require counsel to
21 represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,
22 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary
23 assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017
24 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

---

[2] There is an exception to the three-strike bar of § 1915(g), which allows a prisoner to use in forma pauperis status to bring a civil action despite three prior dismissals where the prisoner is under imminent danger of serious physical injury.  See Andrews, 493 F.3d at 1056-57.  In his complaint now before this court, plaintiff has not alleged that he was "under imminent danger of serious physical injury" when he filed this action.  Accordingly, the imminent danger exception under 28 U.S.C. § 1915(g) is not available to plaintiff in connection with this action.

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In light of the findings and recommendations herein, the court does not find the required exceptional circumstances. Accordingly, the court will deny plaintiff's motion.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Defendant's request for judicial notice (Doc. No. 82) is granted; and

2. Plaintiff's motion for appointment of counsel (Doc. No. 93) is denied.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to revoke plaintiff's IFP status (Doc. No. 82) be granted;

2. This action be dismissed without prejudice, unless plaintiff pays the full filing fee for this action ($400.00) by the deadline for filing objections to these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 17, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brew1555.57ifp