UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BREWER, aka MICHAEL GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>YOSSI GROSSBAUM, et al.,<br><br>    Defendant. | No. 2:12-cv-1555 WBS DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. In 2015, this court found that plaintiff had accrued three strikes under 28 U.S.C. §1915(g) and granted defendants' motion to revoke plaintiff's in forma pauperis ("IFP") status. Plaintiff appealed that ruling. On November 4, 2016, the Ninth Circuit Court of Appeals vacated this court's decision and remanded. The Ninth Circuit specifically asked the district court to consider whether one prior dismissal, which this court found to be a strike, should count as a strike under the standards recently established in Washington v. Los Angeles County Sheriff's Department, 833 F.3d 1048 (9th Cir. 2016). For the reasons set forth below, the undersigned finds the prior dismissal at issue counts as a strike under Washington and recommends that the district court grant defendants' motion to revoke plaintiff's IFP status.

////

1

# BACKGROUND

In November 2014, the previously-assigned magistrate judge found that plaintiff had three prior strikes within the meaning of 28 U.S.C. § 1915(g) and recommended that defendants' motion to revoke plaintiff's IFP status be granted. (ECF No. 94.) On January 21, 2015, the district judge adopted these findings and recommendations in full and dismissed plaintiff's action without prejudice. (ECF No. 97.) Plaintiff appealed. (ECF No. 100.)

On November 4, 2016, the Ninth Circuit Court of Appeals vacated the district judge's decision and remanded. (ECF No. 105.) The Court of Appeals held that it was unclear whether the dismissal of one of plaintiff's prior actions should be counted as a strike. Specifically, the Court of Appeals stated:

> one of the dismissals that the district court counted as a strike was dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994). Because it is unclear whether that prior action included a claim that both sounded in habeas and sought injunctive relief, we vacate and remand for further proceedings to determine whether the dismissal of that action as Heck-barred constitutes a strike. See Washington v. L.A. Cty. Sheriff's Dep't, No. 13-56647, 2016 U.S. App. LEXIS 14854 at *17-20 (9th Cir. Aug. 12, 2016) (holding that a dismissal of an action that includes a claim that both sounds in habeas and seeks injunctive relief does not constitute a strike).

(Id. at 2.)

# ANALYSIS

This court understands the charge from the Court of Appeals to be an examination of the prior Heck-barred action to determine if it included a claim that both "sounded in habeas and sought injunctive relief" in order to decide whether the dismissal of that action as Heck-barred constitutes a strike under Washington.

I.  **Legal Standards**

A.  **In Forma Pauperis Statute**

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA"). The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has previously brought three frivolous actions or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). Section 1915(g) should be used to deny a prisoner's IFP status "only when, after careful evaluation of the order dismissing [each] action, and other relevant information, the district court determines that [each] action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it.").

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding IFP unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The Ninth Circuit has held that the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews v. Cervantes, 493 F.3d at 1055.

Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Andrews v. King, 398 F.3d at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to

////

explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under 28 U.S.C. § 1915(g). Id.

### B. Dismissals under Heck v. Humphrey

The Supreme Court has held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the "literal terms of §1983." Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). In Heck v. Humphrey, the Court applied the reasoning of Preiser to a § 1983 claim for damages. Thus, a plaintiff cannot maintain a § 1983 action to recover damages for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid" unless his conviction and sentence have previously been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Heck's bar has been applied to § 1983 claims which implicate the validity of a prison disciplinary sanction, as well as of an underlying conviction. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1977) (claim for damages and declaratory relief challenging validity of procedures used to deprive prisoner of good time credits is not cognizable under § 1983).

### C. When Does a Heck Dismissal Count as a Strike?

In 2015, when this court ruled on defendants' motion to revoke plaintiff's IFP status, the Ninth Circuit Court of Appeals had not addressed the question of whether a dismissal under Heck v. Humphrey qualified as a strike under 28 U.S.C. § 1915(g). See Andrews v. Cervantes, 493 F.3d at 1052 n.2. In August 2016, the Ninth Circuit considered the use of Heck dismissals as strikes in Washington v. Los Angeles County Sheriff's Department, 833 F.3d 1048 (9th Cir. 2016). The court in Washington held that a Heck dismissal does not categorically count as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and thus does not necessarily count as a strike under § 1915(g). 833 F.3d at 1055. The Washington court held that a Heck dismissal constitutes a Rule 12(b)(6) dismissal "when the pleadings present an 'obvious bar to securing relief' under Heck." Id. at 1056 (quoting ASARCO, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014)). The court clarified that holding by explaining that

4

this standard would apply to count as a strike only where the entire action was dismissed for a qualifying reason under the PLRA.  Id. at 1055, 1057 (citing Andrews v. Cervantes, 493 F.3d at 1054).

In Washington, the court considered whether one of plaintiff Washington's prior proceedings constituted a strike under § 1915(g).  In that prior § 1983 proceeding, Washington sought a "recall" of his allegedly unlawful sentence enhancement, essentially an injunction, and damages for his additional year in prison based on the enhancement.  Id. at 1057.  The Washington court found that the request for injunctive relief sounded in habeas.  Id.  A habeas action is not a "civil action" within the purview of the PLRA and its dismissal does not trigger a strike.  Id. (citing Andrews v. King, 398 F.3d at 1122-23).  Therefore, the dismissal of Washington's prior suit did not amount to a strike because "the entire action was not dismissed for one of the qualifying reasons enumerated by" § 1915(g).  Id.

**II.     Discussion**

In the present case, the prior dismissal barred by Heck is Brewer v. Board of Prison Terms, No. 3:05-cv-176 SI  (N.D. Cal. Apr. 15, 2005) (ECF No. 6).  (See ECF No. 94 at 4.)  The undersigned has reviewed plaintiff's complaint in Brewer v. Board of Prison Terms.[1]  Therein, plaintiff challenged a Board of Prison Terms' parole revocation proceeding.  Brewer v. Board of Prison Terms, No. 3:05-cv-176 SI (N.D. Cal. Jan. 1, 2005) (ECF No. 1).  Plaintiff alleged that the board member who conducted his hearing did not permit him "the right to confront my accusers," used hearsay evidence against him, violated his "right to a fair hearing under the state constitution under equal protection of the law," committed an "obstruction of justice," violated his due process rights, and the decision constituted "false imprisonment under the color of state law" by "giving inmate a year in prison."  Id. at 3. The relief sought was "General/Punitive Damages of Thirteen Million" and "To present my case Before a Jury."  Id.

It appears that plaintiff's complaint in Brewer v. Board of Prison Terms falls squarely within the Heck bar.  Plaintiff's claims sounded in habeas and the relief he sought was damages.

---

[1] A court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201.  See  MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

See Washington, 833 F.3d at 1055 (under Heck, "a civil damages claim that undermines a valid, underlying conviction or sentence is 'not cognizable under § 1983.'")  Unlike the prior proceeding considered by the court in Washington, in his Northern District case plaintiff did not seek any injunctive relief that might be available in a habeas proceeding.  Plaintiff sought solely damages.  Under the analysis set out by the Ninth Circuit Court of Appeals in Washington, plaintiff's "pleadings present[ed] an 'obvious bar to securing relief' under Heck" and the district court in Brewer v. Board of Prison Terms dismissed the entire action because plaintiff's claims were barred by Heck and, in the alternative, by the doctrine of absolute quasi-judicial immunity.  Brewer, No. 3:05-cv-176 SI  (N.D. Cal. Apr. 15, 2005) (ECF No. 6 ).   For these reasons, the undersigned finds the dismissal of plaintiff's complaint in Brewer v. Board of Prison Terms as Heck-barred qualifies as a strike under 28 U.S.C. § 1915(g).

This court previously found that the dismissals of plaintiff's complaints in Brewer v. Alta Bates Summit Medical Center, No. C 08-3149 SI (pr) (N.D. Cal.) and Brewer v. Alta Bates Summit Medical Center, No. C 11-2703 TEH (PR) (N.D. Cal.) also counted as strikes under 28 U.S.C. § 1915(g).  (ECF No. 94 at 4-5; No. 97.)   The Court of Appeals did not disturb these findings.

Because plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing this action, the undersigned will recommend that defendants' motion to revoke plaintiff's IFP status be granted.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's IFP status (ECF No. 82) be granted; and

2. This action be dismissed without prejudice, unless plaintiff pays the full filing fee for this action ($400.00) by the deadline for filing objections to these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 17, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/Brew1555.revoke ifp